J. EDWIN ASHBURNE, PLAINTIFF, v. FRED H. WILLIAMS ET AL., DEFENDANTS.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-CHARD.

For the rule, *Frank T. Lloyd, Jr.*

*Contra, Floyd H. Bradley.*

PER CURIAM.

This is an automobile accident case. The plaintiff's car was being driven by him in an easterly direction along the Crescent Boulevard, in the city of Camden. The defendant Fred Williams, Jr., was operating a car belonging to his father, and was traveling in a westerly direction along said boulevard. These cars collided at a point not far from the Crescent Boulevard bridge over the Delaware river. Each of the parties claimed that the other was responsible for the collision. The jury found that the defendant Williams, Jr., was solely to blame for the collision, and returned a verdict in favor of Ashburne, awarding him $10,000, and thereupon the defendants applied for and obtained the present rule to show cause.

The Crescent Boulevard is an unusually wide highway. The plaintiff was following an automobile which was traveling in front of him, both of these cars being on the proper

side of the road. The plaintiff attempted to pass the car in front of him, not crossing over the middle line of the road, however, in making the attempt, as it was not necessary to do so in order to get by the other car. As he was in the act of passing, the defendant, Williams, Jr., swung his car over and across the middle line of the highway toward the car of the plaintiff. The latter, not being able to swing to his right without colliding with the car which he was passing, swung to his left, thinking that he might be able to escape a collision with the defendant's car by doing so. Williams, Jr., however, swung his car still further around, and ran into the right side of the plaintiff's car. This was the story told by the latter upon the witness stand, and it was corroborated by the testimony of other witnesses.

The first ground upon which we are asked to make the present rule absolute is that the proofs in the case did not justify the jury in finding that the accident resulted solely from the negligence of the defendant Williams, Jr. In our opinion, the jury was justified in deciding that the collision occurred under the conditions testified to by the plaintiff and his witnesses, and was the result of the negligence of the defendant Williams, Jr. Consequently, we find no merit in this reason for making the rule absolute.

The defendants further contend that the award of $10,000 is excessive. Our examination of the proofs as to the character of the plaintiff's injuries leads us to the conclusion that this contention is well founded. If the plaintiff will consent to a reduction of the verdict to $7,000, he may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.